[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on October 1, 1988 in Naugatuck, Connecticut and have resided in the state for more than one year previous to the filing of this complaint. There are two minor children issue of the marriage, Andrea Rose Spino, born December 8, 1990 and Danielle Marie Spino, born November 25, 1993. Parties are not recipients of state or city welfare.
Plaintiff is employed as a licensed practical nurse earning a net weekly wage of $548. Defendant is employed as a construction laborer averaging a net weekly income of $444.
The evidence presented at trial established the irretrievable breakdown of the marriage. The parties were unable to resolve their marital difficulties. The court declines to assess fault although defendant's drinking contributed to the breakdown. Judgment may enter dissolving the marriage on the grounds of irretrievable breakdown.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 in reaching decisions reflected in the orders that follow.
CUSTODY AND VISITATION
Having found that there are no other proceedings concerning custody, the court awards joint custody of the minor children with primary physical custody with the mother. Reasonable visitation is awarded to the father as agreed upon as follows:
 1. Alternating weeks — Monday 5:00 to 7:00 p. m. Wednesday 5:00 to 7:00 p. m. CT Page 3578 Weekend Friday 5:00 p. m. to Sunday 7:00 p. m.
 2. Following week — Wednesday 5:00 to 7:00 p. m. Thursday 5:00 to 7:00 p. m.
Other visitation during this week at the discretion of the wife. Husband will make request for additional visitation by Thursday of that week.
3. Holidays — Husband shall have visitation with the children on alternating holidays which wife works, picking the children upon the holiday eve at 6:00 p. m. and returning them on the holiday at 7:00 p. m. Said alternating holidays being New Year's Day, Easter, Memorial Day, July 4, Labor Day, Thanksgiving and Christmas, commencing with the father having the Easter holiday.
4. Husband shall have the children for one week during summer vacation.
CHILD SUPPORT
In accordance with the State Guidelines, defendant shall pay to plaintiff $75 per week per child, for a total of $150. In addition, defendant shall contribute $50 per week towards that cost of daycare for the minor children. An arrearage of $1000 was agreed upon and defendant is to pay $20 per week on the arrearage.
ALIMONY
Defendant is ordered to pay plaintiff $1 per year alimony until the youngest child reaches the age of 18.
PROPERTY DIVISION
1. Defendant is to convey to plaintiff his interest in real property located at 5 Overvale Rd., Wolcott, CT and plaintiff will hold defendant harmless on this mortgage debt. Furniture and household effects to be the property of the plaintiff.
2. Defendant shall retain his pension benefits with the Connecticut Laborers' Pension Fund, present value being $14,589. CT Page 3579
3. From defendant's interest in the Connecticut Laborers' Annuity fund of $23,266.00 of which $6,345 was contributed prior to the marriage. Defendant shall transfer, by Qualified Domestic Relations Order, the specific sum of $12,750 to a separate account in the name of and for the benefit of the plaintiff.
4. The motor vehicles possessed and used by the plaintiff and the defendant shall be their sole property and any liabilities associated with said vehicles shall be the obligation of the owner.
5. Each party is to pay the liabilities set forth on their respective affidavits.
INSURANCE
Any life insurance provided by employers of the parties shall name the minor children as beneficiaries until they reach the age of eighteen.
Each party shall maintain health insurance for the minor children through their employment. All unreimbursed medical, dental, psychiatric, optometric and counseling expenses incurred for the minor children shall be borne equally by plaintiff and defendant.
COUNSEL FEES
Defendant shall pay to plaintiff the sum of $750 toward her counsel fees.
Judgment shall enter accordingly.
KULAWIZ, J.